IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  14-cv-03363-CMA-MJW

DAWANE ARTHUR MALLETT,

Plaintiff,

v.

J. OLIVER, *Complex Warden*,
S. BEICKER GALLEGOS, *Correctional Officer*,
PAUL G. ZOHN, *Institutional Staff Psychologist*, and
KENNETH CRANK, *Trust Fund Supervisor*,

Defendants.

## REPORT & RECOMMENDATION
### on

## MOTION FOR COURT TO ISSUE A TEMPORARY RESTRAINING ORDER
### (Docket No. 27)

**Michael J. Watanabe**
**United States Magistrate Judge**

Plaintiff filed a Motion for Court to Issue a Temporary Restraining Order. (Docket

No. 27.)  U.S. District Judge Christine M. Arguello referred the motion to the

undersigned.  (Docket No. 27.)  The Court held a hearing on this motion on June 12,

2015.  (Docket No. 36.)  Defendants filed a response, including a declaration from David

Law.  (Docket No. 35.)  For the following reasons, the Court recommends that Plaintiff's

Motion for Court to Issue a Temporary Restraining Order (Docket No. 27) be DENIED.

Plaintiff's motion is brief, and will be recounted here in full:

The court is bound to protect the rights of all parties who are attempting to
litigate there [sic] claims before the court: now the plaintiff Dawane Arthur
Mallett is being retaliated against by correctional staff "David Owen Law"
and Mc-Cullah and other PM shift staff who are refusing to feed me every-
day under the wardens instructions: the Warden J. Oliver put it on paper

response that he did not authorize staff to not feed me.  Under no cercumstance [sic] can any person be denied food.

The grievance is in the regional office and the court can get copies of the response via subpoena.

Requested relief: the court shall order copies of the grievances filed on being denied food, and order the warden to show cause why a restraining order should not issue!

(Docket No. 27.)

In response, Defendants filed a response stating that Plaintiff has been placed under restrictions requiring him to stand back, away from the door, while his food trays are delivered; that he has been denied a meal once for not complying with those restrictions; and that on other occasions, he has refused meals.  (Docket No. 35.) Plaintiff has been placed on such restrictions because he has both attempted to assault prison staff and thrown substances at prison staff.  Defendants provided a declaration under 28 U.S.C. § 1746 from Senior Officer David Law attesting to the foregoing. Senior Officer Law also provided a printout of Plaintiff's disciplinary history, and Special Housing Unit (SHU) records showing Plaintiff's meals.

At the hearing on June 12, 2015, Plaintiff declined to offer testimony, other evidence, or argument in support of his motion. Plaintiff noted that he had not yet received a copy of Defendants' response, but Plaintiff declined a continuance (which the Court offered to give).  The Court asked again whether Plaintiff wished to testify or otherwise offer evidence, and Plaintiff again declined and affirmatively stated that he wished to stand on his motion as filed.

Based on the foregoing, and Plaintiff's extensive litigation history in this Court, I

find that Plaintiff has failed to establish either a substantial likelihood of prevailing on the merits or any irreparable harm.  *See, e.g.*, *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002) (elements for preliminary injunction).

Accordingly, Plaintiff's motion (Docket No. 27) should be denied.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  June 12, 2015                          *s/ Michael J. Watanabe*
          Denver, Colorado                   Michael J. Watanabe
                                                       United States Magistrate Judge