IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 14-cv-03363-CMA-MJW

DAWANE ARTHUR MALLETT,

    Plaintiff,

v.

J. OLIVER, Complex Warden,
S. BEICKER GALLEGOS, Correctional Officer,
PAUL G. ZOHN, Institutional Staff Psychologist, and
KENNETH CRANK, Trust Fund Supervisor,

    Defendants.

## ORDER DISMISSING CASE

Plaintiff Dwane Mallett initiated this action on December 11, 2014, by filing a *pro se* complaint. (Doc. # 1.) On July 9, 2015, Defendants filed a Motion to Dismiss for Plaintiff's Failure to Prosecute. (Doc. # 40.) A responding party generally has twenty-one days after the filing date of a motion to respond. D.C.COLO.LCivR 7.1(d). Plaintiff has not responded to Defendants' Motion to Dismiss.

Defendants contend that Plaintiff's case should be dismissed for failure to prosecute because Plaintiff refused to appear at his deposition.

Federal Rule of Civil Procedure 41(b) provides in relevant part: "[I]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Before choosing dismissal as an appropriate sanction, this Court considers (1) the degree of actual prejudice to the

defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the party was warned in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Plaintiff's willful refusal to appear at his deposition prejudiced Defendants by preventing Defendants from obtaining discovery to prepare for their defense. Additionally, defense counsel incurred unnecessary expenses in connection with Plaintiff's deliberate refusal to appear at his deposition. Further, Plaintiff's interference with the judicial process is significant because Plaintiff has refused to cooperate in the discovery process, with the effect of impeding the just, speedy, and inexpensive determination of the surviving claims against Defendants. On June 6, 2015, Magistrate Judge Watanabe warned Plaintiff that failure to participate in his deposition could result in the dismissal of his case with prejudice. (Doc. # 32.) Lastly, lesser sanctions would be inefficacious because Plaintiff explicitly refused to come out of his cell to appear at his deposition; and the Court has no reason to believe that an order compelling his appearance to a deposition would be met with his compliance. This Court will not tolerate abuse of its limited judicial resources by litigants who initiate actions and then refuse to prosecute. As such, the Court finds that dismissal is an appropriate remedy for Plaintiff's failure to appear at his deposition. Plaintiff's failure to respond to Defendants' Motion to Dismiss further supports the Court's finding.

Accordingly, it is ORDERED that Defendants' Motion to Dismiss (Doc. # 40) is GRANTED. This case is DISMISSED WITH PREJUDICE pursuant to Rule 41(b) for

Plaintiff's failure to prosecute.

DATED: August 4, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

.